UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF TENNESSEE, WESTERN DIVISION

| | |
|---|---|
| In re: ) | |
| ) | |
| CARNITA FAYE ATWATER, ) | Case No. 20-22880 |
| ) | Chapter 13 |
| Debtor. ) | |
| ) | |

## MOTION TO DISMISS, WITH PREJUDICE, OR CONVERT

COMES NOW Scott B. Peatross, Administrator of the Estate of Alys Harris Lipscomb, Deceased ("Administrator"), a creditor and party-in-interest herein, and, pursuant to 11 U.S.C. Section 1307(c) moves the Court, for cause, to dismiss or convert this Chapter 13 case to Chapter 7. Moreover, Administrator submits that the most appropriate disposition is dismissal of this case with prejudice and barring the discharge, in a later case, of debts that were dischargeable in this case, pursuant to 11 U.S.C. Section 349. In support of this motion, Administrator states as follows:

1. On September 25 and December 6, 2018, Administrator obtained a judgment against the debtor herein, Carnita Faye Atwater ("Debtor"), for compensatory damages and attorney fees in the total amount of $2,495,833.20 in the Probate Court of Shelby County, Tennessee (Cause No. PR-1541). Said award was based upon breach of fiduciary duty and conversion by Debtor, who was a live-in caregiver with power-of-attorney for Dr. Alys Harris Lipscomb ("Dr. Lipscomb"), who died on May 21, 2014, at the age of 98.

2. Based upon financial records, it is clear that Debtor used $1,500,000 or more of funds wrongfully taken from Dr. Lipscomb to purchase African and African-American art,

antiques, and artifacts and displayed by Debtor at what she called the African-American International Museum Foundation, located at 1036 Firestone Avenue in Memphis, Tennessee. In prior sworn testimony, Debtor admitted that she owns the foundation and has over 450,000 items costing "millions and millions of dollars." (Deposition of Carnita Atwater, Vol. 1, pp. 39, 49, and 53-62 and Vol. 2, pp. 277-79, In the Matter of Alys Harris Lipscomb, Cause No. PR-1541 in the Probate Court of Shelby County, Tennessee, hereinafter, "Atwater Deposition," a copy of portions of which are attached hereto as <u>Collective Exhibit "A"</u>) In addition, Debtor has entered into real estate conveyances and other transactions as "Carnita Atwater d/b/a African-American International Museum Foundation."  (<u>Collective Exhibit B</u>, attached hereto.)

3. Administrator's judgment against Debtor was upheld by the Tennessee Court of Appeals in a decision rendered on February 11, 2020. Debtor filed a *pro-se* appeal to the Tennessee Supreme Court on June 1, 2020, which is pending.

4. On May 13, 2020, the Probate Court entered the Order Granting Motion for Extraordinary Relief to Permit Sheriff to Effect Entry and Secure Levied Goods at 1036 Firestone, Memphis, TN, a copy of which is attached as <u>Exhibit C</u> hereto. It authorized and directed the Shelby County Sheriff to obtain entry to the building, which is titled in the name of the New Chicago Community Development Foundation, with any force required, secure the building and store the personalty seized, and retain the keys to said building and sell the seized goods at public auction.

5. On May 19, 2020, the Sheriff entered the premises at 1036 Firestone, a large commercial building, and levied on African American art, antiques, artifacts, and other items stored there. Because Debtor claimed to be living in that building, the Sherriff did not secure the

premises but ordered Debtor not to remove any of the contents. Administrator scheduled a professional moving company to begin removing the levied-upon items the following day.

6. However, at 4:49 PM on May 19, Debtor filed this Chapter 13 case. After learning of the bankruptcy filing, Administrator did not attempt to remove the items from 1036 Firestone Avenue.

7. For the reasons stated herein, Administrator submits that Debtor is not eligible for relief under Chapter 13 because her debts greatly exceed the statutory maximum amount and she does not have regular income. Accordingly, at the very least, this case should be converted to Chapter 7. However, Administrator contends that the exigent circumstances of this case, including the egregious omissions and misrepresentations by Debtor in her sworn bankruptcy filings, require that this case be dismissed with prejudice.

8. 11 U.S.C. Section 1099(e) provides: Only an individual <u>with regular income</u> that owed, on the date of the filing of the petition, <u>noncontingent, liquidated, unsecured debts of less than $419,275</u> and noncontingent liquidated secured debts of less than $1,257,850 . . . may be a debtor under Chapter 13 of this title." (*Emphasis added*.)

9. In Schedule E/F Debtor (Dkt. 9, p. 12 of 33) filed in this case on June 3, 2020, Debtor listed $2,509,297.90 in nonpriority unsecured debts, including $2,495,833.20 owed to Administrator as the result of the judgment obtained by Administrator against Debtor as described above. In that schedule Debtor admits that such debt is <u>not</u> contingent, unliquidated, or disputed.

10. Moreover, debtor does not qualify for relief under Chapter 13 for the additional reason that she does not have "regular income." In Schedule I (Dkt. 9, pp. 16-17 of 33), Debtor asserts that she has been "<u>self-employed</u>" by the African American International Museum

Foundation for 30 years. In Schedule I she lists zero dollars in "monthly gross wages, salary, and commissions" and zero in "gross income." Yet, in her Statement of Financial Affairs she states that since January 1, 2020, she has received $14,000 in "wages, commissions, bonuses and tips" (Dkt. 9, p. 21 of 33). In Schedule I the only income of any sort she lists (Question 8(a) in Schedule I, Dkt. 9, p. 17 of 33) is "other income regularly received" under the subcategory of "net income from rental property and from operating a business, profession, or farm," and she describes that income as being $2,800 monthly. However, in her Statement of Current Monthly Income and Calculation of Commitment Period (Dkt. 10, pp. 1-2 of 4), she claims to have monthly income from a business, profession, or farm, of $1,821. In her Statement of Financial Affairs, she admits that she had negative gross income of $11,328 last year. Although Question 8(a) in Schedule I, Dkt. 9, p. 17 of 33 requires Debtor to attach "a statement for each property and business showing gross receipts, ordinary and necessary business expenses, and the total monthly net income," she failed to attach any such statement. Based upon the foregoing, it appears that, among other things, Debtor does not have "regular income" as required for filing Chapter 13.

11. Because Debtor's debts greatly exceed the cap for filing a Chapter 13 case, and because Debtor does not have "regular income," this Chapter 13 bankruptcy case, at the very least, should be converted to Chapter 7.

12. Very importantly, Debtor's abuse of the bankruptcy system goes beyond seeking relief that she is statutorily prohibited from receiving. Debtor is a mature, experienced businesswoman with a master's degree and a doctoral degree, and yet her filings in this bankruptcy case are replete with gross misrepresentations of facts that she knows and has previously admitted, as well as inconsistent, contradictory, incomplete, false, and misleading

statements. Those statements, misrepresentations, and omissions evidence bad faith, as well as disregard for and abuse of the bankruptcy system, and justify dismissal of Debtor's bankruptcy case with prejudice and a determination that, for cause, Debtor shall not receive a discharge in any subsequent bankruptcy case.

13. In her Statement of Financial Affairs (Dkt. 9, pp. 27 of 33), Debtor admits that within four years before she filed bankruptcy, she owned the African-American International Museum Foundation, which she states is located at 1098 Firestone Avenue, Memphis, Tennessee, although she declined to provide any other information about that business. Yet, in Debtor's Petition, she denies she is sole proprietor of any full- or part-time business" (Dkt. 1, p. 4 of 7) or that she has used any "business name," or "trade names and *doing business as* names" in the last eight years (Dkt. 1, p. 2 of 7). In Schedule A/B, Debtor declares that she has no "legal or equitable interest in any residence, building, land, or similar property" (Dkt. 9, p. 3 of 33); no executory contracts or unexpired leases (*id.*); and no legal or equitable interest in any business-related property (Dkt. 9, p. 7 of 33). She asserts that all of her personal and household items are worth $6,300 and that she has total financial assets of $380 (Schedule A/B, Dkt. 9, p. 3 of 33). However, in Scheduler I, she asserts that she is "self-employed at the African American International Museum Foundation" (Dkt. 9, p. 16 of 33). Moreover, in prior sworn testimony, Debtor stated she owns the foundation and has referred to the foundation as "her museum." (Atwater Deposition, Vol. I, p 39; see Collective Exhibit "A"). In addition, Debtor has entered into real estate conveyances and other transactions as "Carnita Atwater d/b/a African-American International Museum Foundation." (See Deeds recorded in the Shelby County Register's Office as Instruments 07064540 and attached hereto as Collective Exhibit "B".)

5

14. Yet, in her bankruptcy filings Debtor has failed to provide required information about her involvement with the African-American International Museum Foundation and, very importantly, has omitted any mention of over 450,000 African-American art, antiquities, and artifacts that she testified she paid "millions and millions of dollars" for and seems still to have had possession of on the day she filed her Chapter 13 petition. In her deposition testimony she stated that she has 20 storage units of artifacts, and we know that on the date of the filing of her Bankruptcy Petition she had a large commercial building full of artifacts, and yet in answer to Question 22 in her Statement of Financial Affairs (Dkt. 9, p. 26 of 33), she denied storing property in any place other than her home within one year of filing bankruptcy. Such conduct evidences bad faith at the very least.

15. Debtor apparently spent millions of dollars acquiring art, antiques, and other artifacts, a significant number of which are located at 1036 Firestone Avenue, a building titled in the name of the New Chicago Community Development Corporation. She asserts in her bankruptcy filings that her only antiques, art, and memorabilia are located at 1098 Firestone Avenue, the home titled in the name of her long-deceased mother, and are worth $1,200 (Schedule A/B, Dkt. 9, p. 4 of 33). She estimates that all of her assets are worth an amount between zero to $50,000 (Bankruptcy Petition, Dkt. 1, p. 6 of 7).

16. She claims that her debts are "primarily consumer debts" (Dkt. 1, p. 6 of 7; Dkt. 9, p. 1 of 33), although her debt to Administrator arises from her breach of fiduciary duty and conversion, and the amount of that debt is approximately 90% of her total debts. In her Bankruptcy Petition, she estimates her liabilities to be between zero and $50,000, when she knows that her debts are approximately 50 times that amount.

17.  Debtor estimates the taxes and other sums she owes the government at zero, and yet the IRS has filed a proof of claim for $147,203.81 and asserts a lien, which would have required substantial notice to Debtor, in the amount of $6,300.

18.  In Debtor's bankruptcy filings, she makes various false and misleading statements about where she resides, where she resided prior to filing this bankruptcy case, and what real estate she owns.  Debtor states variously and under oath, that she lives at 1098 Firestone Avenue (Bankruptcy Petition (Dkt. 1, page 2 of 7); that during the last three years, she has not lived anywhere other than where she lives now (Statement of Financial Affairs, Dkt. 9, p. 21 of 33); and she does not own or have any interest or equitable interest in any residence, building, land, or similar property Schedule A/B (Dkt. 9, p. 3 of 33).  She also says in her Bankruptcy Petition, (Dkt. 1, p. 2 of 7) that she does not rent her residence.  On the very day she filed this bankruptcy case, she claimed to be living at 1036 Firestone Avenue, in a commercial building titled in the name of New Chicago Community Development Corporation and containing the African American art, antiques, artifacts, and other items levied on by Administrator.  The sworn statements by Debtor in her bankruptcy filings, as quoted above, are false for the additional reasons that from 2010 until approximately February of this year she lived at the home of the late Alys Harris Lipscomb in Germantown, Tennessee, and, upon information and belief, Debtor owns an undivided interest in the residence at 1098 Firestone, which is titled in the name of Carnator Atwater, Debtor's mother, who died in 2012.

19.  Based upon the contradictory statements and demonstrably false statements referred to above, and the very serious omissions referred to above, as well as exceeding the dollar limit and failing to satisfy the regular income requirement that Section 1099(e) imposes on Chapter 13

filers, Administrator asserts that Debtor filed her bankruptcy petition in bad faith and that there is good cause for the Court to take the action requested by Administrator herein.

20. Administrator reserves the right to amend this motion.

WHEREFORE, ABOVE PREMISES CONSIDERED, Scott B. Peatross, Administrator of the Estate of Alys Harris Lipscomb, requests that the Court:

(1) Dismiss this case with prejudice and bar the discharge, in a later case, of debts that were dischargeable in this case, pursuant to 11 U.S.C. Section 349;

(2) If this Chapter 13 case is not dismissed with prejudice, convert this case to Chapter 7, pursuant to 11 U.S.C. Section 1307(c);

(3) Also, if this case is not dismissed with prejudice, determine that the property levied on by Administrator on May 19, 2019, as well as any other property owned by Debtor or "her museum," including property purchased with funds converted by Debtor from Dr. Lipscomb, constitute property of the bankruptcy estate but subject to rights and claims of Administrator; and

(4) Grant Administrator such other and further relief to which he may be entitled.

Respectfully submitted,

/s/ Paul A. Matthews
PAUL A. MATTHEWS (TBPR No. 5591)
Attorney for Scott B. Peatross, Administrator of the Estate
of Alys Harris Lipscomb
BOURLAND HEFLIN ALVAREZ MINOR & MATTHEWS, PLC
5400 Poplar Avenue, Suite 100
Memphis, TN 38119-3660
Telephone:  901-683-3526
Facsimile:  901-763-1037
E-mail:  pmatthews@bhammlaw.com

CERTIFICATE IN COMPLIANCE WITH LOCAL BANKR. RULE 9013-1(c)(2)(C)

The undersigned hereby certifies that he has made a good faith effort to confer, and has conferred, with opposing counsel regarding the matter prior to filing this motion.

/s/ Paul A. Matthews
PAUL A. MATTHEWS

CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing was served upon James D. Gentry, Esq., Attorney for Debtor, at his office at Gentry Arnold, PLLC, 5100 Poplar Avenue, Suite 2008, Memphis, TN 38137-2008, and upon the Chapter 13 Trustee, George W. Stevenson, at his office at 5350 Poplar Avenue, Suite 500, Memphis, TN 38119-3697, all by first class U.S. Mail, postage prepaid, on this 7th day of July, 2020.

/s/ Paul A. Matthews
PAUL A. MATTHEWS

h:\pam\clients\lipscomb 14-253\motion to dismiss or convert. 7-6-20.docx